**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| XAVIER L. McCOY, # 234419, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 4:07-cv-3563-PMD-TER |
| v. | ) | |
| | ) | |
| MS. WILLIS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Xavier L. McCoy ("Plaintiff"), an inmate at the McCormick Correctional Institution ("MCI") and formerly an inmate at the Perry Correctional Institution ("PCI"), filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendant filed a Motion for Summary Judgment, and Plaintiff filed four Motions for Summary Judgment. The record contains the Report and Recommendation ("R&R") of a United States Magistrate Judge, made in accordance with 28 U.S.C. § 636 (b)(1)(B), which recommends that Defendant's Motion for Summary Judgment be granted, and Plaintiff's Motions for Summary Judgment be denied. The R&R further recommends that any other outstanding motions be deemed moot. A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff filed timely objections to the Magistrate Judge's recommendations.

**BACKGROUND**

On October 31, 2007, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against Ms. Willis. Plaintiff asserts that Ms. Willis violated his Eighth Amendment Cruel and Unusual Punishment Clause rights, showing deliberate indifference to Plaintiff's serious medical needs.

Plaintiff claims that he wrote a request to Defendant to have his teeth cleaned because he was

in pain and spitting up blood for 23 or 24 hours. (Compl. at 3.) Plaintiff further claims that Defendant denied this request, acting with deliberate indifference to his risk of serious harm. *Id.* Defendant claims that Plaintiff made sexually harassing and intimidating remarks towards Defendant when he approached her to schedule the dental cleaning. (Def.'s Mot. Summ. J. at 3.) Due to these remarks and considering Plaintiff's history of inappropriate acts directed towards female SCDC employees, Defendant felt that Plaintiff was a security risk and declined to schedule the desired dental cleaning until he discontinued his harassing comments and actions. *Id.* Plaintiff filed a Step One Grievance with PCI in response. (Compl. at 3.) On August 14, 2007, Warden Bazzle denied the grievance, citing security reasons. (Ex. to Compl.) On August 21, Plaintiff filed a Step Two Grievance refuting Warden Bazzle's statement that Plaintiff's sexual misconduct was the reason that he was denied a dental cleaning and requesting either a dental cleaning or $5,000 for the damage to his teeth. *Id.* Although Plaintiff claims he then filed a Step 3 Grievance, there is no evidence of an appeal in the record.

## PROCEDURAL HISTORY

Plaintiff filed this § 1983 action on October 31, 2007, seeking injunctive relief and monetary damages. [1]. Plaintiff subsequently filed several Motions for Summary Judgement. [29, 36, 37, and 65]. Defendant responded to these motions. [30, 50, and 66]. Plaintiff also filed a Motion for Injunctive Relief on October 31, 2007, and a Motion for a Restraining Order on January 30, 2008. [3, 33].

On March 6, 2008, Defendant filed a Motion for an extension of time to file a Motion for Summary Judgment. [45]. This Motion was granted on March 14. [52]. Defendant filed a Motion for Summary Judgment on March 27, to which Plaintiff filed a response on May 22. [59, 68].

Plaintiff further filed several motions compelling discovery and for sanctions. [35, 74, and 75]. Defendant responded on July 9. [78]. Also on July 9, Magistrate Judge Thomas E. Rogers filed a Report & Recommendation, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). [79]. The R&R recommended to the court that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motions for Summary Judgment be denied. The R&R further recommended that any other outstanding motions be deemed moot. On July 23, Plaintiff filed timely objections to the Magistrate Judge's R&R.

## STANDARD OF REVIEW

### A.     Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather

3

must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## OBJECTIONS

### I.     Plaintiff's Claim for Injunctive Relief

Plaintiff filed a motion for injunctive relief on October 31, 2007, and also for a temporary restraining order requesting that he be transferred to another institution. [3, 33]. Plaintiff also requested injunctive relief in his Complaint. [1]. As the Magistrate Judge correctly stated, any claims for injunctive relief are moot because Plaintiff is no longer incarcerated at PCI. *See Williams v. Griffin*, 952 F.2d 820, 825 (4th Cir. 1991); *Ross v. Reed*, 719 F.2d 689, 693 (4th Cir. 1983).

Plaintiff objects to the Magistrate Judge's finding that his claims for injunctive relief are

moot, arguing that his claims are "'capable of repetition,' meaning plaintiff [is] still in administrative segregation lock-up and [his claims] evades review because plaintiff will never return to the population to get a fair trial." (Objections at 1.) Plaintiff has indeed located an exception to the mootness doctrine; however, this exception is not applicable to Plaintiff's case.

A court may exercise jurisdiction on a moot point on the basis that the dispute is "capable of repetition yet evading review." *Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). The exception operates in very limited circumstances in which "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal quotations and alterations omitted). The party raising this argument bears the burden of demonstrating that the exception applies. *Incuma v. Ozmint*, 507 F.3d 281 (4th Cir. 2007).

First, because Plaintiff is no longer incarcerated at PCI, and there is nothing in the record to suggest that he may return there, Defendant simply could not repeat the alleged wrongdoing. Furthermore, this claim in no way evades review, because if somehow Defendant were to repeat the alleged wrongdoing at some point in the future, there is nothing stopping Plaintiff from filing a new claim. Therefore, because the controversy between the parties clearly ceased to exist when Plaintiff left PCI, all of Plaintiff's claims for injunctive relief are moot.

## II. Plaintiff's Deliberate Indifference Claim

The Magistrate Judge recommended to the court that Defendant's Motion for Summary Judgment be granted because Plaintiff failed to show that Defendant was deliberately indifferent to his dental needs. (R&R at 5.) Plaintiff objects to this recommendation, asserting that his injury amounts to a violation of his constitutional rights and that he may be able to get money damages.

5

(Objections at 1.)

It is well established that deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prove a claim of deliberate indifference to a serious injury under the Eighth Amendment, a plaintiff must show that a defendant's "action or inaction [1] result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and [2] a 'sufficiently culpable state of mind.'" *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 831-34 & n. 2 (1994)). In order to be liable for deliberate indifference, the plaintiff must prove that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that he had drawn the inference. *See Young v. City of Mount Rainer*, 238 F.3d 567, 575-76 (4th Cir. 2001) ("Deliberate indifference requires a showing that the defendants . . . actually knew of and ignored a detainee's serious need for medical care."). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975).

As the Magistrate Judge noted, Plaintiff asserts that he was denied a dental cleaning, which is a preventative procedure that does not rise to the level of a serious medical need. Plaintiff has failed to provide any evidence to indicate that any denial of a dental cleaning has caused him to suffer any life-threatening medical problems or serious injury. Plaintiff claims that he needs to have his teeth pulled, but has not provided any evidence to support this allegation. Even viewing all assertions and inferences in the light most favorable to Plaintiff, the court cannot find any material issue of fact

6

regarding Plaintiff's claim of deliberate indifference. Accordingly, the court finds that the Magistrate Judge correctly recommended that Defendant's Motion for Summary Judgment should be granted, and Plaintiff's Motions for Summary Judgment be denied with respect to any claim for deliberate indifference.

**III.     Plaintiff's Motion to Amend His Complaint**

In his Objections, Plaintiff alleges that the medical staff at MCI, where he was transferred and now resides, refuse to see him, although he "is still having teeth damage." (Objections at 2). Plaintiff further states that the court "should not deny a chance to amend especially if the plaintiff is alleging a civil right[s] violation." (*Id.* at 1). To the extent that Plaintiff requests to amend his complaint to include this claim against the staff at MCI, the motion is denied.

Federal Rule 15(a)(2) provides that a party may, at any time, amend its complaint by leave of the court. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). This "generous standard is tempered by the necessary power of a district court to manage a case." *Shivangi v. Dean Witter Reynold, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987). As the Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party by virtue of allowance of the amendment*, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182 (emphasis added). In fact, the Fourth Circuit has noted that "'leave to amend

a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

However, here, Plaintiff is seeking not simply to amend a pleading to add a new claim against an existing party, but is seeking to add a new claim against a new party arising out of a completely distinct set of facts from his existing claim against the existing Defendant. Rule 20(a)(2) limits the joinder of defendants, and Rule 18(a) governs the joinder of claims. Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Although the language of Rule 18 is broad, it is significantly limited by Rule 20. Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if : (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Accordingly, a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim for relief against each of them that arises out of the same transaction or occurrence and presents a question of law or fact that is common to all of them. *See, e.g.*, *United States v. Mississippi*, 380 U.S. 128, 143 (1985) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of all registrars in one suit as defendants was proper under Rule 20(a)); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not proper under Rule 20 unless both commonality and same transaction or occurrence

requirements are satisfied). As the Seventh Circuit has recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies both requirements of Rule 20(a)(2):

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff wishes to amend his complaint to include a new claim against the dental staff at MCI, where he was transferred after leaving PCI. This new claim is completely unrelated to Plaintiff's claim against Ms. Willis, as it necessarily involves entirely different factual allegations regarding allegations of denial of dental care against an entirely different person or persons. The actions of the staff at MCI are in no way part of the same transaction or occurrence as the claim against Ms. Willis, and there is no question of fact common to the claims. Furthermore, to add a new defendant or defendants at this stage in the litigation would certainly be unduly prejudicial to the new party or parties. Allowing Plaintiff to add a new defendant at this stage of the proceedings would not serve any interests of judicial efficiency, and if Plaintiff wishes to pursue this claim further, the only appropriate avenue for such a claim would be the filing of a new, separate complaint making the relevant factual and legal allegations against MCI staff. Accordingly, Plaintiff's new claim is not proper under Rule 20(a)(2), and Plaintiff's Motion to Amend the Complaint is denied.

### IV.     Plaintiff's Other Outstanding Motions

Plaintiff has also filed several Motions to Compel and a Motion for Sanctions against Defendant. However, since the court has already determined that Plaintiff's underlying substantive claims lack legal merit, these motions no longer have any impact upon the ultimate outcome of the case and are therefore moot, and the court need not and does not address them.

### CONCLUSION

For the foregoing reasons the court adopts in full the recommendation of the Magistrate Judge and hereby **ORDERS** that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motions for Summary Judgment are **DENIED**. It is further **ORDERED** that Plaintiff's Motion to Amend Complaint is **DENIED**. Plaintiff's remaining pending Motions are declared **MOOT**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 15, 2008**